UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Christopher Eiland,

    Plaintiff,

vs.

Universal Protection Service, LLC
dba Allied Universal Security Services, LLC

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Christopher Eiland, hereinafter referred to as ("Plaintiff") by and through his undersigned counsel, and hereby sues the Defendant, Universal Protection Service, LLC dba Allied Universal Security Services, LLC, hereinafter referred to as ("Defendant") and alleges as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to the Title VII, Retaliation, 42 U.S.C. § 2000, *et seq*. and 28 U.S.C. § 1331.

2. Venue lies within United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. At all times material herein, Plaintiff, was and is a resident of Polk County, Florida.

4. Defendant is a foreign corporation licensed and authorized to conduct business in the State of Florida and doing business within Polk County.

## GENERAL ALLEGATIONS

5. At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

6. At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

7. Plaintiff has retained the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

8. Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

9. On November 5, 2024, Plaintiff timely filed his Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

10. On February 5, 2026, the EEOC issued a Dismissal and Notice of Rights related to Plaintiff's Charges of Discrimination. This Complaint is filed

within ninety (90) days of the issuance of the Dismissal and Notice of Rights; therefore, Plaintiff has met all conditions precedent to filing this Complaint.

11. Plaintiff has satisfied all conditions precedent, therefore jurisdiction over this claim is appropriate pursuant to Chapter 760, *Florida Statutes*, because more than one-hundred and eighty (180) days have passed since the filing of the Charge.

## FACTUAL ALLEGATIONS

12. Plaintiff began his employment with defendant on or about May 31, 2022, as both an armed and unarmed Security Guard.

13. Plaintiff was contracted to work at Geico in its Lakeland, Florida location.

14. On or about July 2024, Plaintiff was contacted via email by Geico's Human Resources Department requesting plaintiff provide a witness statement pertaining to an investigation being conducted into a sexual harassment complaint made by an employee against plaintiff's supervisor.

15. Plaintiff was named as a witness in the investigation.

16. Plaintiff provided his witness statement to Human Resources as requested and two days later on July 17, 2024, plaintiff was advised that he was being removed from his assignment for not following the chain of command.

17. Plaintiff was told that since the chain of command was not followed, they needed to investigate and placed plaintiff on suspension and ultimately terminated his employment before he was ever allowed to return.

18. Plaintiff was terminated because he opposed unlawful employment practices, and/or assisted and participated in the investigation discussed above.

## COUNT I
## FLORIDA CIVIL RIGHTS ACT ("FCRA") – RETALIATION

19. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 18.

20. Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by the Florida Civil Rights Act ("FCRA"), Chapter 760, *et seq., Florida Statutes*.

21. The above-described acts of retaliation constitute a violation of the FCRA, Chapter 760, *et seq., Florida Statutes*, for which Defendant is liable.

22. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, the following:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Interest on front pay and benefits;

    e. Compensatory damages, including those for emotional pain

and suffering;

f. Punitive damages;

g. Injunctive relief;

h. Attorney's fees and costs; and

i. All such other relief/damages to which Plaintiff is entitled.

## COUNT II
## TITLE VII – RETALIATION

23. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 18.

24. Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Title VII.

25. The above-described acts of retaliation constitute a violation of Title VII, 42 U.S.C. § 2000, *et seq*.

26. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, the following:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Interest on front pay and benefits;

e. Compensatory damages, including those for emotional pain and suffering;

    f.      Punitive damages;

    g.      Injunctive relief;

    h.      Attorney's fees and costs; and

    i.      All such other relief/damages to which Plaintiff is entitled.

Dated**:**  February 26, 2026

**FLORIN|GRAY**

*s/ Scott L. Terry*
Scott L. Terry
Florida Bar No. 77105
sterry@floringray.com
Wolfgang M. Florin
Florida Bar No.:  907804
wflorin@floringray.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 220-5255
Facsimile (727) 483-7942
*Trial Attorneys for Plaintiff*